UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-CV-153-TBR

*ELECTRONICALLY FILED*

JORDAN WELCH, Administratrix of the Estate of )
Damon Christopher Gayheart )

    Plaintiff,

vs.

PAUL HALE, individually

    Defendant.

## ANSWER

Now comes Defendant, Paul Hale, without the benefit of discovery, and for his Answer to the Complaint with Demand for Trial by Jury states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

1. Paragraph 1 mostly contains numerous conclusions of law to which no response is required. As to the allegations that do require a response, Defendant admits the alleged actions took place in Hopkinsville, Christian County, Kentucky and that Plaintiff appears to attempt to bring various federal and state law causes of action. As to

the remainder of the allegations which require a response, Defendant denies those allegations and requires strict proof thereof.

2. Paragraph 2 contains conclusions of law and allegations from which the Complaint shall speak for itself neither of which require a response.  To the extent the allegations do require a response, Defendant denies the same and demands strict proof themselves.

3. As to the allegations set forth in paragraph 3, Defendant is without sufficient knowledge to either admit or deny, after a reasonable inquiry, and will allow the Court documents from the referenced matter in Daviess District Court to speak for itself.

4. As to the allegations set forth in paragraph 4, Defendant is without sufficient knowledge to either admit or deny, after a reasonable inquiry, and will defer to Mr. Gayheart's residency documentation.

5. As to the allegations set forth in paragraph 5, Defendant admits in part and denies in part.  Defendant admits he was a Kentucky State Trooper when the alleged incident with Mr. Gayheart occurred.  Defendant admits he fired at least one shot at Mr. Gayheart who was putting Defendant and other innocent persons in danger.  Defendant admits Mr. Gayheart died after the altercation.  Defendant also admits he is being sued in his individual capacity.  Defendant denies he used excessive force, excessive deadly force, that he engaged in misconduct, or any inference that his conduct related to Mr. Gayheart was unreasonable and demands strict proof thereof.

6. Defendant admits the allegations contained in paragraph 6.

7. As to the allegations set forth in paragraph 7, Defendant admits in part and denies in part. Defendant admits he observed Mr. Hale slumped over the steering wheel of a stolen vehicle and he attempted to check on his wellbeing. Defendant also admits Mr. Gayheart became combative and refused all Troopers' commands to exit the vehicle and then sped off endangering the Troopers and other innocent persons on the roadway. Defendant denies the characterization of the "officer falling to the ground when he drove away."

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant admits the allegations contained in paragraph 9.

10. As to the allegations set forth in paragraph 10, Defendant admits in part and denies in part. Defendant admits Plaintiff fled the vehicle after it came to a stop and continued to flee and evade the Troopers. Defendant admits he fired at least one shot at Plaintiff. Defendant admits Plaintiff was the person fleeing and evading. Defendant denies the remainder including any inference of wrongdoing and demands strict proof thereof.

11. Defendant denies the allegations in paragraph 11 and demands strict proof thereof.

12. Paragraph 12 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations and demands strict proof thereof.

13. Defendant repeats and incorporates his responses to Paragraphs 1 through 11 as if fully set forth herein.

14. Defendant denies the allegations set forth in Paragraphs 12 through 20 and demands strict proof thereof.

15. Defendant repeats and incorporates his responses to Paragraphs 1 through 20 as if fully set forth herein.

16. Defendant denies the allegations set forth in Paragraph 22 and demands strict proof thereof.

17. Defendant repeats and incorporates his responses to Paragraphs 1 through 22 as if fully set forth herein.

18. Defendant denies the allegations set forth in Paragraphs 24 through 26 and demands strict proof thereof.

19. Defendant repeats and incorporates his responses to Paragraphs 1 through 26 as if fully set forth herein.

20. Defendant denies the allegations set forth in Paragraphs 28 and 29 and demands strict proof thereof.

21. Paragraphs 30 through 35 are statements to which no response is required. To the extent a response is required, Defendant denies each allegation and demands strict proof thereof.

22. Defendant denies each and every averment, statement, allegation or otherwise not specifically admitted herein.

### THIRD DEFENSE

Defendant asserts and preserves any and all affirmative defenses set forth in the Federal Rules of Civil Procedure, Kentucky Rules of Civil Procedure and otherwise

recognized and allowed by law that are supported by the facts as a complete or partial bar to the recovery sought by Plaintiff.

## FOURTH DEFENSE

Defendant asserts and preserves any and all doctrines and defenses provided by Kentucky and Federal statutes, rules, regulations and common law which are supported by the facts as a complete or partial bar to Plaintiff's claims, including, but not limited to, the failure to mitigate damages.

## FIFTH DEFENSE

As an affirmative defense the Defendant relies upon the contributory or comparative acts or negligence of the Plaintiff.

## SIXTH DEFENSE

As an affirmative defense this Defendant relies upon the comparative or contributory acts, omissions and/or negligence of third parties over which these Defendant had no responsibility, control or liability, whose comparative or contributory acts, omissions and/or negligence represents a partial or complete bar against the Plaintiff's claims against this Defendant.

## SEVENTH DEFENSE

The Complaint is barred by its failure to name necessary and indispensable parties without whom this Court cannot grant full relief.

## EIGTH DEFENSE

At the time and place and upon the occasion mentioned in the Complaint, the incident and damages set forth herein, were caused and brought about by a superseding and/or intervening cause, not under the control of this Defendant, but for which said

incident would not have occurred, and Defendant pleads and relies upon the same as a complete bar to all claims.

## NINTH DEFENSE

The claims against Defendant are or may be barred by doctrines of estoppel, laches, release, waiver, and accord and satisfaction.

## TENTH DEFENSE

Should the evidence reveal that at the time and place and upon the occasion mentioned in the Complaint, Plaintiff's injuries and damages, if any, were caused and brought about by an Act of God, or other unforeseeable event, without any intentional act or negligence on the part of these Defendant, and but for which said injuries and damages, if any, would not have occurred, then and in that event, Defendant pleads and relies upon same as a partial or complete bar to all damage claims.

## ELEVENTH DEFENSE

Defendant adopts, incorporates, and pleads each and every term and provision of KRS 411.188, and 411.182 as a complete bar to all claims.

## TWELFTH DEFENSE

The Complaint fails to state a claim for punitive damages as to the Defendant. The imposition of punitive damages against these Defendant would violate the Defendant's constitutional rights under the due process clause in the Fifth and Fourteenth Amendments to the Constitution of the United States, the excessive fines clause in the Eighth Amendment to the Constitution of the United States, the double jeopardy clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the

Kentucky Constitution, and/or the common law and public policies of Kentucky, and/or applicable statutes and court rules, in the circumstances of this litigation.

## THIRTEENTH DEFENSE

The injuries and/or damages of the Plaintiff were a result of his acts and/or omissions and as so acts as a partial or complete bar to his recovery.

## FOURTEENTH DEFENSE

Defendant pleads and relies upon the doctrines of qualified immunity and/or qualified official immunity so as to act as a complete or partial bar to any recovery by the Plaintiff herein.

## FIFTHTEENTH DEFENSE

Defendant was at all times relevant to Plaintiff's Complaint acting in good faith, with objective reasonableness, and performing discretionary functions and is entitled to qualified and/or qualified official immunity from suit.

## SIXTHTEENTH DEFENSE

Defendant did not act with deliberate indifference to the Plaintiff, which may act as a partial or complete bar any recovery by Plaintiff herein.

## SEVENTEENTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations or repose.

## EIGTHTEENTH DEFENSE

Plaintiff may have failed to exhaust administrative remedies.

## NINETEENTH DEFENSE

Defendant did not deprive the Plaintiff of any right, privilege or immunity secured by the United States Constitution so as to bar any recovery by Plaintiff herein.

## TWENTIETH DEFENSE

Defendant's actions were justified and authorized by the express terms of KRS Chapter 503, including 503.090 and/or KRS 503.110.

## TWENTY-FIRST DEFENSE

Defendant denies each and every averment, statement, allegation or otherwise not specifically admitted herein.

## TWENTY-SECOND DEFENSE

As discovery has not yet begun, Defendant reserves the right to plead any additional affirmative defenses, claims and/or counterclaims as they become revealed through the course of discovery and/or withdraw any affirmative defenses as appropriate based upon information developed in discovery.

**WHEREFORE**, the Defendant, Paul Hale, demands that Plaintiff's Complaint with Demand for Trial by Jury be dismissed with prejudice, that Defendant be granted his attorney fees and costs, along with any and all other relief as this Court may deem appropriate. In the alternative, Defendant demands a Trial by Jury.

Respectfully submitted,

/s/ Jason M. Nemes
Jason M. Nemes
Robert J. Nemes
Commonwealth Counsel Group, PLLC.

10343 Linn Station Road, Suite 100
Louisville, KY 40223
jason@ccgattorneys.com
*Attorneys for the Defendant*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing was filed on October 29, 2020 and was served on all counsel of record via the CM/ECF system.

/s/ Jason M. Nemes
Jason M. Nemes