## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

JORDAN WELCH                                                    PLAINTIFF

v.                                                    No. 5:20-cv-153-BJB

PAUL HALE                                                      DEFENDANT

**\*\*\*\***

### MEMORANDUM OPINION & ORDER

    Jordan Welch alleges that police officer Paul Hale violated the "Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States" when Hale shot and killed Christopher Gayheart while Gayheart was fleeing from police. Complaint (DN 1) at ¶¶ 1–11. But the parties have taken no action in this case for more than a year, despite multiple court orders calling for updates. So the Court dismisses this case for failure to prosecute.

    Welch—the "Administratix of the Estate of … Damon Christopher Gayheart"—filed this suit in September 2020. ¶ 3. He alleges that Hale found Gayheart "slumped over the steering wheel of a car … in Christian County, Kentucky." ¶ 6. When Hale "attempted to awaken" him, Gayheart "became combative … and drove off." ¶ 7. Then the car "unexpectedly erupted in flames," so Gayheart "jumped out of the flaming vehicle and was running away from it when Defendant Hale fired at least three (3) shots at [Gayheart,] hitting him three (3) times causing his death." ¶¶ 9–10.

    The case has already proceeded through discovery—though not without delays. *See* First Amended Scheduling Order (DN 16), Second Amended Scheduling Order (DN 23). The Magistrate Judge set a dispositive-motion deadline of August 15, 2023. Text Order (DN 31). That deadline came and went without any action from the parties. So in October the Court "order[ed] the parties to file a joint status report within 30 days." Text Order (DN 32). Still no one responded. A month and a half later the Court tried again—"order[ing] the parties to file a joint status report by December 5, 2023" and warning that "[o]therwise the Court may dismiss the suit for failure to prosecute." Text Order (DN 33). The parties did not respond to that order either. And the case has seen no activity since.

    "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). A district judge may dismiss a case for failure to prosecute under Rule 41(b) to "effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* That discretionary decision is guided by four factors:

"(1) whether the party's failure is due to willfulness, bad faith, or fault;

"(2) whether the adversary was prejudiced by the dismissed party's conduct;

"(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

"(4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Id.* at 737.

Three of these factors cut sharply in favor of dismissal.  The parties have failed to respond to three separate deadlines: the dispositive-motion deadline and the two Court orders calling for status reports.  DNs 31–33.  For that, they bear fault.  *E.g.*, *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366–68 (6th Cir. 1997) (dismissal supported by missed deadlines and ignored court orders).  This unresponsiveness followed a clear warning: "Otherwise the Court may dismiss the suit for failure to prosecute."  DN 33.  And the Court will dismiss without prejudice—a "less drastic sanctio[n]" than dismissal with prejudice.  *Schafer*, 529 F.3d at 740–42.  True, "the record contains little, if any, evidence that the defendan[t] w[as] actually prejudiced by [Welch's] failure to prosecute his claims."  *Id.*  Indeed, Hale is also at fault for failing to respond to the Court's orders.  But what else besides dismissal is appropriate after parties fail to respond or take any action whatsoever for over a year?

The Court therefore dismisses this case—without prejudice—for failure to prosecute.

Benjamin Beaton, District Judge

United States District Court

August 13, 2024